# Ehrman *et al.* v. Alabama Mineral Land Company.

*Bill in Equity for Partition of Land, to have a Lien declared on the Portion thereof that may be allotted to Defendants, and for an Accounting.*

1. *Mortgage; merger of, by purchase of mortgaged land by the owner of an undivided interest in the mortgage.*—Where a mortgagee sold and assigned an undivided half interest in the mortgage and the notes secured thereby, and the assignee then purchased the mortgaged land from the mortgagor, assuming, as part of the terms of the purchase, the amount due on the notes secured by the mortgage, such assignee's interest under the mortgage was merged in the title acquired by his purchase from the mortgagor, his mortgage lien was extinguished, and he became the principal debtor to the mortgagee for the amount due to him, without relieving the land, or any part of it, as security for the debt due the mortgagee.

2. *Power of sale in mortgage; ratification of voidable execution of.*— Where a mortgagee, under a power in the mortgage providing for the sale of the mortgaged land in case of default, sells only an undivided half interest therein, the mortgagor or his grantee can avoid such irregular foreclosure and defective execution of the power of

[Ehrman *et al.* v. Alabama Mineral Land Co.]

sale; but, unless some appropriate steps are taken to manifest dissent, or to avoid the sale, it will stand.

3. *Sale, under power in mortgage, of undivided interest in land; relations between purchaser and mortgagor's vendee; tenancy in common.*—A mortgagee sold and assigned an undivided half interest in the mortgage and the notes secured thereby, and the assignee then purchased the mortgaged lands from the mortgagor, assuming, as a part of the terms of the purchase, the amount due on the notes. Subsequently, the mortgagee, under a power of sale in the mortgage providing for the sale of the mortgaged land in case of default, sold only an undivided half interest therein, he being the purchaser. *Held*, that, the mortgagor's grantee having taken no steps to avoid such defective foreclosure, by the purchase the mortgagee became a tenant in common with him, with the right of partition and accounting, still retaining a mortgage lien on the grantee's interest for the unpaid balance of the debt due him.

APPEAL from the Chancery Court of Chilton.

Heard before the Hon. S. K. McSPADDEN.

The opinion states the material facts disclosed by the bill in this case. The complainant prayed relief as follows: "And, upon the hearing of this cause, may it please your Honor to order that the account may be taken and stated to ascertain what amount is still due to your orator on the said notes of the said O. A. Duke, including the attorney's fees, etc., and also by the said amount and value of the timber taken by the said Rudolph Ehrman and W. H. Merritt, and also to ascertain the amount and value of the timber taken by the said Rudolph Ehrman and W. H. Merritt from said lands after the said sale thereof by complainant on the 28th day of October, 1893; and that your honor will adjudge and decree that the said O. A. Duke and the said Rudolph Ehrman and the said W. H. Merritt shall pay to orator the said amount so ascertained to be still due and unpaid to orator on the said notes of the said O. A. Duke, including said attorney's fees, and that this amount be declared a vendor's lien, or other lien, on the interest of Ehrman & Merritt in said lands, and that said Ehrman & Merritt shall pay also whatever amount may be due to orator by the said Ehrman and the said Merritt, or either of them, for the timber so taken by them, or either of them, from said lands since the 28th day of October, 1893; and that your honor will decree the partition of said lands

between complainant and said Ehrman & Merritt, upon a just and equitable basis; and that your honor will make such other and further orders and decrees in the matter as may be necessary to effect said partition, so that orator may have and own and hold its interest in the said lands in severalty, and not as a tenant in common with the said Ehrman & Merritt, or any other person; and for such other and further and general relief as unto your honor may seem meet and proper." The defendants demurred to the bill upon the following grounds: "(1) That said bill sets forth that complainant has exercised its right to foreclose the mortgage executed by O. A. Duke to it, and has foreclosed the same; and said bill neither prays for a confirmation of said sale, nor for it to be declared a nullity. (2) That said bill sets forth facts showing that complainant has executed the power of sale given by the mortgage of O. A. Duke, made an exhibit to the bill, and that the complainant has as fully foreclosed said mortgage as a court of equity can by its decree. (3) That said bill is without equity, in this: that it is set forth in said bill that the mortgage which is sought to be foreclosed by said bill has been foreclosed by complainant's own act, and said bill neither prays a confirmation of said sale under said power, nor prays for the same to be set aside as void. (4) Because said bill is inconsistent and repugnant, in this: that it seeks to enforce payment for the land sold by complainant to said Duke; that it seeks payment for timber cut off said land by a co-tenant, and seeks to obtain the land itself. (5) Said bill is repugnant and inconsistent, inasmuch as it seeks to obtain the land described in the mortgage, and also the money alleged to be due complainant for the land. (6) Said bill is without equity, in this: that it seeks to obtain the money alleged to be due on a contract for the sale of the land and the land itself. (7) Said bill shows that complainant has an adequate remedy at law." Upon the submission of the cause upon the demurrer, the chancellor overruled it; and from this decree the present appeal is prosecuted, and the same is here assigned as error.

HOUGHTON & COLLIER, for appellants.—The power of sale in the mortgage confers on the mortgagee or its assigns the power to sell the land after advertisement.

When complainant assigned one of the notes, such assignment clearly carried with it the power to sell *pro tanto*.—Code, § 1844. In other words, complainant retained and owned half the debt and the power, and the assignee owned the other half. It is clear from the bill that only the owner of half the power, or, to put it plainly, half of the owners, attempted to exercise a power which had, by the voluntary act of complainant, been parted with to the extent of one half. Since powers of the kind must be strictly construed, we contend that the attempted exercise of the power by the complainant under such circumstances did not convey the title to an undivided interest in the land, and was not a foreclosure of the mortgage as to such interest. The averments of the bill on this feature are not aided by the allegation that Merritt and Ehrman assumed to pay the note of Duke still owned by complainant. Assuming such debt did not deprive them of the right to have the mortgage legally foreclosed, nor did it effect their right, whether as the owner of one, or as security for the note of Duke assumed by them, to insist on a strict observance of the terms of the power of sale. There is no prayer for a confirmation of the sale, or that the defendants be required to elect whether they will abide by it. A court of equity will not entertain a bill the sole purpose of which is to declare that the relation of mortgagor and mortgagee exists.—*Micou v. Ashurst*, 55 Ala. 607.

The fourth, fifth and sixth grounds of demurrer are addressed to the manifestly repugnant features of the bill, as set forth therein, and in the prayer. If there had been no foreclosure of the mortgage, and we do not think there can be any doubt as to the proposition that the attempted foreclosure is a nullity, yet complainant asserts title to an undivided interest, and asks that the land be sold to satisfy the same debt which it says has been the subject of foreclosure proceedings, and then it prays that the other half interest be sold to pay this debt, when the other joint owner has a debt equally secured by the same instrument and of equal dignity. If the complainant has assigned the note for half the debt secured by the mortgage and has foreclosed the mortgage for its half of the debt, it certainly cannot claim that its part of the debt can be enforced against the other half interest in

31

the land.    Whilst the assignment of the note does not give the assignee any higher interest than that retained by the assignor, it certainly does not give the assignee a lesser interest.   The test applied by our Supreme Court to such a bill is this :   Suppose a decree *pro confesso* should be entered against the defendant, what relife would the court grant?   Would it partition the land, also sell it to pay the purchase money, and require Ehrman to pay for timber on land partitioned to him and sold to pay purchase money?   According to the averments and prayer of the bill, all these things would follow as the result of a decree *pro confesso.*—*Micou v, Ashurst, supra* ; *Rapier v. Gulf City Paper Co.*, 69 Ala. 476.

J. J. WILLETT, *contra.*—All the requirements of the mortgage having been complied with, the sale under the power   must stand, no ground for avoiding it being shown.    It was not necessary for the complainant to ask that the sale be confirmed or set aside.

A complete answer to the fourth ground of demurrer, as well as to the other grounds, is, that the jurisdiction of a chancery court having once rightfully attached, the court will proceed to adjudicate questions and claims, although of a purely legal character themselves, which are connected with, or proceed from those in regard to which a court of equity grants relief.—*Va. & Ala. Mining Co. v. Hale*, 93 Ala. 542 ; *Wood v. Hudson*, 96 Ala. 471 ; *Handley v. Heflin*, 84 Ala. 600 : *Shackleford v. Bankhead*, 72 Ala. 476 ; *Con. Life Ins. Co. v. Webb*, 54 Ala. 688.    The bill discloses several grounds of equity jurisdiction, viz : for partition, to decree a vendor's lien in favor of the complainant against the half interest owned by Ehrman & Merritt, and to compel an accounting.

COLEMAN, J.—Only such facts will be stated as are deemed necessary for a proper understanding of the questions raised by the demurrer to the bill.    The Mineral Land Company sold and conveyed by deed to Orman A. Duke a tract of land, and took from him his three promissory notes evidencing the debt due for the purchase money, and a mortgage on the lands to secure their payment.    The mortgagee, the Mineral Land Company, sold and conveyed "a one-half undivided interest in the within mortgage and the notes described therein,"

which one-half undivided interest the grantee released and quitclaimed to the appellants, R. Ehrman and W. H. Merritt. Ehrman and Merritt then purchased the lands from Orman A. Duke, and assumed, as a part of the terms of the purchase, "the amount that was still due on said Duke's several promissory notes secured by the mortgage." Ehrman and Merritt paid a part of the debt due the Mineral Land Company under their agreement, and made default as to the balance. By virtue of a power of sale contained in the mortgage, and authority to purchase, the mortgage was foreclosed as to a one-half undivided interest in the lands, and the mortgagee became the purchaser. The abstract fails to show whether the one-half interest of the mortgage debt transferred to Ehrman and Merritt was satisfied, or whether they still hold a claim against Duke for any part of the debt.

Under these circumstances, The Alabama Mineral Land Company filed the present bill, the purpose of which is to obtain partition of the land, a lien declared upon such portion as may be partitioned and allotted to Ehrman and Merritt, and an accounting by them for timber which has been cut and sold off the premises. The theory upon which the bill is filed is that by the foreclosure of the mortgage upon a half undivided interest in the land, and its purchase by complainant, a co-tenancy was created; that, by assuming to pay the balance of the mortgage debt to complainant, a vendor's lien was created in favor of Duke, which enures to the benefit of complainant, and may be enforced for its benefit.

In determining the demurrer we will ascertain and declare the legal and equitable effect of the several transactions we have stated. At the time of the purchase of the land from Duke, Ehrman and Merritt were the owners of a one-half undivided interest of the mortgage and of the debt secured by the mortgage. A mere purchase by a mortgagee, or by the transferee of a mortgagee, of the mortgaged property does not necessarily produce a merger and an extinguishment of the mortgage lien. Under some circumstances it may be necessary to preserve the mortgage lien as a protection against intervening liens. But the rule is different where there is an assignment of the mortgage to the grantee of a mortga-

gor who assumed to pay the mortgage debt. Under such circumstances the merger is complete, and the mortgage lien is extinguished. 2 Pomeroy Eq. Juris. §§ 793, 797. Before their purchase from Duke of the mortgaged land, Ehrman and Merritt owned an undivided half interest in the debt secured by the mortgage, and complainant the other half. When Ehrman and Merritt purchased the mortgaged land from Duke and assumed to pay the debt due complainant, secured by the mortgage, their own mortgage lien was extinguished, and they became the principal debtors themselves to complainant. The entire land, and every part of it, was bound for the whole debt secured by the mortgage. The payment or extinguishment of the lien which secured that part of the debt due to Ehrman and Merritt did not relieve the land, or any part of it, as security for the debt due complainant. The whole land being bound for their debt, and complainant's foreclosure having embraced only a one-half undivided interest, when the mortgage provided for a sale of the land in case of default, the question arises whether such an execution of the power was absolutely void, or merely voidable. If void, the complainants are merely mortgagees, and not tenants in common, and of course are not entitled to partition, or an accounting. The question is not one of sale of property in lots or parcels, as distinguished from a sale of the whole in a body. It presents the case of a sale of an undivided half interest. We have found no case where the question has been adjudicated. Acting upon general principles, we are of opinion that the parties might agree to such a sale, or ratify it after it was completed, and such agreement or ratification would make it a binding foreclosure. We are clearly of the opinion that the mortgagor or his grantee could avoid such an irregular foreclosure and defective execution of the power of sale, but, unless he saw proper to take some appropriate steps to avoid the sale, or manifest his dissent in some proper way, the sale would stand. Many reasons might be adduced in support of this conclusion, and no convincing reason to the contrary occurs to us. The foreclosure being merely voidable, and not void until avoided, we must treat it as valid and binding on the parties. Under this view, the facts averred in the bill show that the parties are tenants in common of the land,

with the right of partition and accounting, and that complainants are mortgagees, with a mortgage lien upon the interest of the respondents who have assumed to pay the debt secured by the mortgage. The demurrer to the bill was properly overruled. The facts are set out in the abstract, and there is a prayer for general relief. The prayer would be more accurate and consistent with the case made by the bill, if amended so as to pray for a foreclosure of the mortgage upon the lands partitioned and allotted to respondents.

Affirmed.