# Mitchell *v.* Wright.

*Bill to Enforce Trust or for Specific Performance.*

(Decided April 16, 1908. 46 South. 473.)

1. *Trusts; Constructive Trusts.*—Where a person buys land and pays for it with his own money and takes the deed to himself, his mere promise, without consideration, to purchase the land for another, is not a contract out of which a court of equity will raise a trust.

2. *Specific Performance; Complaint; Sufficiency.*—The allegations of the bill examined and held insufficient as a bill for the specific performanec of the contract, for failure to set out the terms of the contract with sufficient particularity and clearness.

3. *Same; Tender.*—The allegations of the bill examined and held not sufficient to show a tender of the purchase money.

APPEAL from Cherokee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by W. J. Mitchell against G. W. Wright to compel the execution of a deed to complainant, Decree for respondent on demurrer, and complainant appeals. Affirmed.

Bill by W. J. Mitchell against G. W. Wright, with prayer that respondent bring into court a deed from Mrs. Bloodworth to him, discovering to the court a description of said property as shown by the deed, and for a decree commanding the execution by respondent to orator of a deed to said property as described in the deed he holds thereto from his alleged grantor, and if he fails to do so that the register of the court convey by proper deed the property so acquired by respondent to the complainant, and for such damages, etc., and for general relief. The case made by the bill is that complainant employed respondent to purchase for him from one Mrs. Bloodworth a certain lot and house, that some time in October respondent informed complainant that

[Mitchell v. Wright.]

he had closed the trade with Mrs. Bloodworth, taking the deed in his own name, and that he was ready to make a deed to complainant therefor, whereupon complainant paid him the sum of $6.10 in merchandise in part payment \of the consideration of $65, and was by respondent placed in possession of said property; respondent agreeing to make him a deed conveying property to orator, and orator to pay the balance of the purchase price the following week. It is averred that orator has all along been ready, willing, and able to carry out his part of the contract, and is now ready, willing, and able to do so, and that he has demanded of defendant a deed from him to said property, proposing to pay the balance of the purchase price, but that respondent had refused to execute the deed and accept the balance of the purchase price; that respondent brought and offered him $6.10, the amount he had advanced on the purchase price, proposing to recant the trade, but orator refused to recant said trade and to accept said money, whereupon respondent laid that amount of money on the counter in orator's store and went away, and said money is now brought into court in the identical form it was left on the counter. It is further averred that orator is ready and willing to pay, and he further submits himself to the jurisdiction of the court as to the payment of the purchase price. It is further alleged that in the month of November, after orator had been put in possession of the property by respondent, respondent secured the actual possession of the premises and now holds them, and refuses on demand to surrender them to orator.

Demurrers were filed: (1) For that the bill fails to show the time of the contract of employment under which respondent was to purchase. (2) It fails to show or aver what consideration respondent was authorized

by complainant to pay for said lot. (3) The bill fails to show with sufficient certainty what the alleged contract of purchase was between respondent and complainant with respect to said lot, and what were the terms of such contract. (4) It fails to show what consideration respondent had agreed to accept for said lot, or that respondent had agreed to accept any consideration from complainant, or that respondent had agreed to accept any consideration from complainant as the purchase price of said lot. (5) The bill fails to allege facts showing that respondent was put in possession. (6) The bill fails to show a compliance with the statute of frauds in reference to the contract. From a decree sustaining these demurrers this appeal is prosecuted.

BILBRO, INZER & STEPHENS, for appellant. Respondent was employed by complainant to purchase the land for complainant. This respondent agreed to do Respondent by this was prohibited from acquiring any rights in the property antagonistic to complainant.— *Kent v. Dean,* 128 Ala. 609; *Firestone v. Firestone,* 49 Ala. 128; *Scottish Union Co. v. Dangaix,* 103 Ala. 388; *Sprott v. Wilson,* 94 Ala. 608; *Waller v. Jones,* 107 Ala. 331. The offer in the Bill to do equity is sufficient.— *Miller v. Bates,* 35 Ala. 580; *Rogers v. Turbut,* 58 Ala. 523. It was not ncessary to bring the money into court. —*Hodges v. Verner,* 100 Ala. 612; *McCally v. Strong,* 90 Ala. 302; *Security and Loan Ass'n v. Lake,* 69 Ala. 456. The case is not within the statute of Frauds.— *Firestone v. Firestone,* 49 Ala. 128. The bill clearly shows complainant paid a part of the purchase money and was put in possession. Aside from this respondent is the holder of the legal title *ex maleficio,* and a constructive trust being created in complainants favor, the statute of frauds does not apply.—*Kent v. Dean,* 128 Ala. 600.

[Mitchell v. Wright.]

HUGH H. WHITE, for appellee. Bill must show not only that possession was received but possession under the contract relied on.—*Brown v. Weaver,* 113 Ala. 228; *Danforth v. Laney,* 28 Ala. 274; *Robinson v. Driver,* 132 Ala. 169; *Allen v. Young,* 88 Ala. 338. Allegata and probata of bill for specific performance must be clear, exact, precise, full and certain as to all material averments.—*Aday v. Echols,* 18 Ala. 353; *Allen v. Young,* 88 Ala. 338; *Homan v. Stewart,* 103 Ala. 644; *Daniel v. Collins,* 57 Ala. 625; *Derrick v. Monette,* 73 Ala. 75; *Iron Age v. W. U. Tel. Co.,* 83 Ala. 498. As to uncertain description of lot.—*Alba v. Strong,* 94 Ala. 163. See the authorities cited above and as to the matter of tender, see 22 Am. & Eng. Ency. of Law, page 1035 et seq. And the authorities there cited.

DOWDELL, J.—It is not certain whether the purpose of the complainant's bill is to establish and enforce a trust, or for the specific performance of a contract. As a bill for the establishment of a trust, the facts averred are wholly insufficient. The mere promise by one, without more, to purchase land for another, is not a contract out of which a court of equity will raise a trust, when the party buys the land and pays for it with his own money and takes the deed to himself. In the case as made by the bill the complainant furnished no money to pay for the land, nor, indeed, even a consideration to support the alleged promise made by the respondent to buy the land in question for the complainant. The facts averred are insufficient to create a trust relation.

As a bill for the specific performance of a contract it is defective in averment. It fails to set out with sufficient particularity and clearness the terms of the contract. Moreover, the bill avers that the respondent was to make a deed to the complainant upon the payment

by him of the purchase money, and fails to show a sufficient tender. The chancellor committed no error in sustaining the demurrer to the bill.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.