# Zirkle, et al. v. Ball, et al.

## Bill for Specific Performance.

Decided Feb. 17, 1911.   54 South. 1000.)

1. *Specific Performance; Contract; Forfeiture.*—Where the contract of sale provided for payment of the price in installments, and that the vendor might declare the same forfeited on default, but the vendor did not declare a forfeiture on default, but continued to treat it as a contract after the last payment was due, the contract was still subject to a bill to be specifically performed at the suit of the vendee's heirs after her death.

2. *Same; Offer to Perform; Tender of Deed.*—Where a bill by the heirs of the vendee, for specific performance of the contract made with the vendee offers to do equity, and to pay whatever is due, it is not essential that the complainants offer to perform and tender a deed for execution before filing the bill.

APPEAL from Montgomery City Court.

Heard before Hon. William H. THOMAS.

Bill by Patsy Ball and others against C. G. Zirkle and others to specifically perform a contract of sale. Decree for complainants, and respondents appeal. Affirmed.

The bill alleges in effect that Zirkle and Moore and their wives entered into a contract of sale with Queen Rice for lot No. 9, square 9, of Goldthwaite plat, in Montgomery, Ala., on April 1, 1902. It is then alleged that at various and sundry times up to March, 1906, sundry small payments had been made on the same, aggregating as a total $405, and that in that month Queen Rice died, leaving the complainants as the only heirs at law, that no administration had been had on the estate, and that the estate was of no value. A contract is made an exhibit to the bill, and so far as is material here its provisions are as follows: Said Zirkle and Moore agree to sell said property to said Rice for the sum of $500, as follows, to wit: $15 cash, the receipt of which is hereby acknowledged, and the further sum of $15 to be paid on the 1st day of each month thereafter until all of said sum of $500 shall have been paid, together with interest at the rate of 8 per cent. per annum, said interest to be reckoned annually. Said Rice to have the right to pay all of the said sum at any time before maturity; and in case of any payment in excess of $15 per month, or sums which will make $15 per month being paid, if the same should be used as such payment before any forfeiture as hereinafter agreed upon shall begin to run, said Rice shall pay the taxes for the year 1902 and thereafter, and reimburse said Zirkle and Moore during the terms of this contract, and also for any sums advanced by them, for taxes or repairs, before a deed can be demanded. The next paragraph provides how the insurance money shall be distributed in case of a fire. It is expressly agreed between said parties, in consideration of said Zirkle and Moore selling on installment plan, that in case of a failure on the part of said Rice to make such installment payments promptly, and suffer the same to remain during the year 1902 unpaid for 30 days

[Zirkle, et al. v. Ball, et al.]

after due, then this agreement shall be declared void by said Zirkle and Moore; should she suffer the same during the year 1903 to remain unpaid for 60 days, and during the year 1904 and thereafter 90 days, then and in that event said Zirkle and Moore may declare this agreement null and void, and in any and all events the money so paid under this contract shall be considered a fair rental value of the property, and shall be so used by said Zirkle and Moore in case said Rice shall not make the payments promptly, and said Rice agrees to hold said property as the tenant of said Zirkle and Moore until all of said money shall have been paid, and she is entitled under the agreement to receive a deed to same. Respondents demurred to the bill, and answered, admitting the contracts, and setting out the payments made, and the money paid out by them on account of said property, and also set up the forfeiture clause of the contract, and further say that they have not been paid or tendered the amount due under the said contract.

BALL & SAMFORD, for appellant. Where a sale of land is made by installments the receipt of one or more overdue installments does not waive the right to a forfeiture for default in paying subsequent installments.— 29 A. & E. Enc. of Law, 685. Habitual indulgence as to time of payment under a contract is no waiver of the right to cancel the contract because of overdue payments.—*Winchell v. Scott,* 114 N. Y. 640; 29 A. & E. Enc. of Law, 1091; 73 Mo. App. 161; 55 Mo. App. 224; *Stowe v. Russell,* 36 Ill. 18; 63 Ill. 468; 11 Neb. 201; 56 Is. 658; 184 Mass. 334. Under the evidence the vendors constantly and expressly reserved the right of forfeiture, and constantly stated that the contract had been forfeited.—*Wilson v. Meyer,* 23 Utah 529; *Bennecke v.*

[Zirkle, et al. v. Ball, et al.]

*Ins. Co.* 105 U. S. 355. The contract was abandoned as appears from the evidence.—132 N. C. 353; 108 N. C. 167. The proper tender was not made.—*Ledyard v. Manning,* 1 Ala. 153; *Broughton v. Mitchell,* 64 Ala. 210.

WARREN S. REESE, for appellee. It clearly appears that appellant waived forfeiture on account of default in the payment under the contract.—*Stewart v. Cross,* 66 Ala. 28; *Acker v. Bender,* 33 Ala. 230; *Hurst v. Thompson,* 73 Ala. 158; *Davis v. Roberts,* 89 Ala. 406; *Anderson v. Tucker,* 127 Ala. 631; *Cole v. Hines,* 32 L. R. A. 463.

ANDERSON, J.—The contract in question did not provide for a forfeiture, ipso facto, upon a default in the payment of the installments, but authorized the respondents to declare it forefited as a contract of sale, and treat it as a lease, within a certain time after a default in the payment of said purchase-money installments. The contract was made in March, 1902, and the payments of $15 per month and interest all matured before 1906, yet the respondents, up to and including the month when Queen Rice died, March, 1906, received payments from her and treated the contract of purchase as still existing, which was long after they had the right thereunder to terminate it as a contract of purchase and thus convert it into a lease. Not having terminated the contract of sale within the terms and under the provisions thereof, the respondents could not thus waive their right to then do so and continue to treat it as a contract of sale, and then, after the death of Queen Rice, and after a large portion of the purchase money had been paid, declare the sale forfeited and treat the purchase money as rent.—*Stewart v. Cross,* 66 Ala. 22; *Davis v. Robert,* 89 Ala. 408, 8 South. 114, 18 Am. St. Rep. 126;

*Hurst v. Thompson,* 73 Ala. 158; *Acker v. Bender,* 33 Ala. 230; *Andrews v. Tucker,* 127 Ala. 631, 29 South. 34. The respondents did not declare the contract of sale forfeited within the time authorized to do so, but treated it as a contract of purchase long after the last payment fell due, and the city court properly decreed that it still existed and was enforceable as a contract of sale.

It is not essential to the maintenance of a bill for specific performance that the complainant vendee offer to perform, or tender a deed, before filing the bill. A failure to do so affects only the question of costs."— *Ashhurst v. Peck,* 101 Ala. 509, 14 South. 541, and cases cited; *Taylor v. Newton,* 152 Ala. 459, 44 South. 583. The bill in the present case offers to do equity, and to pay whatever is due on the purchase contract; and the chancery court had the power to require the doing of same as a condition precedent to relief, and to protect the respondents as to costs, in case they did not resist the performance.

The decree of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.