(108 So. 849)

## ALEXANDER v. ABERNATHY. (6 Div. 610.)

(Supreme Court of Alabama. May 6, 1926.
Rehearing Denied June 24, 1926.)

1. **Vendor and purchaser** ⬅➝143—Where purchaser waived clause in contract providing that title should be merchantable, before contract was declared forfeited, it became vendor's duty to consummate sale.

Where purchaser waived clause in contract providing that title should be merchantable, before contract was declared forfeited, it became vendor's duty to consummate sale, since clause was inserted for benefit of purchaser.

2. **Specific performance** ⬅➝97(1).

Complainant purchaser need not offer' to perform to maintain bill for specific performance.

3. **Specific performance** ⬅➝130—Chancery court has power to require purchaser to pay amount due on contract in her suit for specific performance.

Chancery court has power to require purchaser to pay amount due on contract in her suit for specific performance as condition precedent to relief, and to protect vendor as to costs in case he does not resist performance.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by Mattie H. Alexander against T. S. Abernathy for specific performance of a contract to sell and convey real estate. From a decree for respondent, complainant appeals. Reversed and remanded.

The following is the letter referred to in the opinion:

"Mr. T. S. Abernathy, American Trust Building, City. Dear Sir: Please be advised that the attorney for Mr. Alexander, to whom we sold lot No. 1 and part of lot No. 17, Milner Heights survey, for you, advises us that after this long time he has succeeded in getting the matter into such shape that deed can now be made to this property without the restrictions as imposed by the Milner Land Company as to the building of one house only on lot No. 17, and that he is now ready to proceed with closing the deal for the property.

"Please be so good as to appoint a time and place where this trade can be consummated.

"Very truly yours,
"Yeatman, Pill & Smith Realty Co., Inc.,
"By John T. Yeatman."

Rudulph & Smith, of Birmingham, for appellant.

Complainant had the right to waive the defect and insist upon conveyance of respondent's title. Minge v. Green, 176 Ala. 343, 58 So. 381; Parsons v. Liuza, 205 Ala. 206, 87 So. 801; McCreary v. Stallworth, 212 Ala. 238, 102 So. 52; Bartee v. Matthews, 212 Ala. 667, 103 So. 874; 36 Cyc. 740. Default as to time may be waived by the conduct of the other party, as by continuing the negotiations. Budacz v. Fradkin, 146 Md. 400, 126 A. 220. The fact that the value of the property may have enhanced after execution of the contract will not deprive the vendee of the right to specific performance. Blackburn v. McLaughlin, 202 Ala. 434, 80 So. 818; Walton v. McKinney, 11 Ariz. 385, 94 P. 1122.

Martin, Thompson, Foster & Turner, of Birmingham, for appellee.

A court of equity will not allow a delay, in seeking specific performance, which would enable a party to take, advantage of the turn of the market and have the contract performed only in case it suits his interest. Gentry v. Rogers, 40 Ala. 442; Haggerty v. Elyton Land Co., 89 Ala. 428, 7 So. 651; Brashier v. Gratz, 6 Wheat. 528, 5 L. Ed. 322; Isom v. Johnson, 205 Ala. 157, 87 So. 543. Complainant should have averred a tender before filing her bill or facts excusing a tender. McRae v. McDonald, 57 Ala. 423; Mitchell v. Wright, 155 Ala. 458, 46 So. 473.

ANDERSON, C. J. The contract in question provided:

"Title to be good and merchantable or contract void and earnest money to be refunded. Sale to be complete within thirty days from date, or as soon as merchantable title can be effected."

[1] This, strictly speaking, was not a 30-day contract unless a merchantable title could be shown within that period, and, if not, a reasonable time was given for the effectuation of same. An abstract of title was furnished which disclosed two 'defects, one of which was promptly waived by the purchaser, but she declined to consummate the trade unless the building restriction of the Milner Company, a former owner, was removed, and both parties by themselves and agents undertook to get this obstacle removed and spent considerable time in doing so, as the matter dragged along for months and seems to have not been finally abandoned by the appellee until the receipt of a letter April 18, 1923, from the Milner Company declining to remove said restriction. In the meantime and while this was going on the appellant decided to accept the lot, regardless of the building restriction, and, through her attorneys, notified the appellee's sales agent, who in turn notified the appellee. See letter from Yeatman Company to appellee dated October 18, 1922. There is no question but when this was done

⬅➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

both parties considered the matter as alive, and were negotiating for a perfection of the title, and, had the title been perfected at this time, there can be no doubt but what the appellee could have compelled the appellant to take the lot, and, as the clause with reference to a merchantable title was inserted for the benefit of the purchaser and not the seller, the former could waive same and the latter could not complain, and when the purchaser waived the defect and agreed to take the property it became the duty of the seller to consummate the sale. It also appears that appellee made no effort whatever to restore or have restored the earnest money until he finally determined to call the trade off by his letter of April 23, 1923, and wherein he attempted to justify himself because the Milner Company had just informed him that the building restriction on the lot could not be removed. The contract was not declared forfeited or abandoned prior to October 18, 1922, when appellant offered to waive the building restriction and accept the property, as efforts were being made by both sides up to that time to get the title cleared of this restriction.

[2, 3] It is suggested that the proof shows an enhancement in the value of the property, and we think that this fact, together with a subsequent discovery by the appellant that the building restriction was not permanent but would expire in a short time, may have influenced her to waive the defect in the title. It might also be suggested that the enhancement of the value of the property may have had some influence upon the appellee in his efforts to avoid a compliance with his contract.

"It is not essential to the maintenance of a bill for specific performance that the complainant vendee offer to perform, or tender a deed before filing the bill. A failure to do so affects only the question of costs."

The bill here offers to do equity and to pay whatever is due on the purchase contract, and the chancery court has the power to require the doing of same as a condition precedent to relief and to protect the respondents as to cost in case they did not resist performance. Zirkle v. Ball, 171 Ala. 568, 54 So. 1000; Ashurst v. Peck, 101 Ala. 509, 14 So. 541; Taylor v. Newton, 152 Ala. 459, 44 So. 583.

The holding or expression to the contrary in the case of Mitchell v. Wright, 155 Ala. 458, 46 So. 473, is unsound, and said case, to this extent, is expressly overruled.

The decree of the circuit court is reversed, and the cause is remanded in order that a decree may be rendered in conformity with this opinion.

Reversed and remanded.

All the Justices concur.