# Harper v. Johnson.

### *Action for Breach of Contract for the Sale of Land.*

1. *Action for breach of contract for sale of land; sufficiency of evidence.*—In an action by a vendee against his vendor to recover damages for the breach of a contract for the sale of land, it was averred in the complaint that the plaintiff made a contract with the defendant for the purchase of said land and was in possession thereof, that it was agreed in said contract that the plaintiff should pay a certain designated sum as the purchase price of said land and upon the payment of said sum the plaintiff would execute to the the defendant a deed to the land, that plaintiff had paid said sum of money, but that the defendant, upon demand, had failed and refused to make said deed, and upon the defendant's refusal to make said deed to plaintiff he gave up possession of the land, and by reason of such failure and refusal was damaged in the sum claimed. It was shown by the evidence that there remained due of the purchase money a small portion thereof which had never been paid. It was not shown that it was stipulated in the contract that the de-

[Harper v. Johnson.]

fendant would make to plaintiff a deed immediately upon the payment of the purchase money, as alleged in the complaint, nor did the plaintiff prove a demand for a deed and the refusal of the defendant to execute it as averred in the complaint. *Held*: That the proof as made did not meet the allegations of the complaint and was insufficient to authorize the recovery on the part of the plaintiff, and that upon such evidence the general affirmative charge should have been given for the defendant.

2. *Same; when plaintiff not entitled to recover.*—In an action by a vendee against his vendor to recover damages for an alleged breach of a contract for the sale of land, where it is averred that it was agreed in said contract that upon the payment of the purchase price, as fixed, the defendant would execute to the plaintiff a deed to said lands, that the plaintiff had paid such purchase price, and that the defendant upon demand had failed and refused to make said deed, the plaintiff is not entitled to recover, where the evidence fails to show that he ever tended the small amount of the purchase money shown to be due, or that he ever prepared a deed or caused one to be prepared and presented to the defendant for execution, conveying to him the lands he had purchased.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. C. RICHARDSON.

This was an action brought by the appellee, A. C. Johnson, against the appellant, R. Harper, to recover damages for the alleged breach of a contract for the sale of 262 acres of land; plaintiff being the vendee.

The complaint as amended contained seven counts, the first and seventh counts of the complaint claimed $900 for the breach of a contract alleged to have been entered into between the plaintiff and the defendant. The substance of these counts of the complaint is sufficiently stated in the opinion. The remaining counts of the complaint were the common counts for money had and received. Demurrers were interposed to the amended complaint as a whole, which were overruled by the court. Under the decision on the present appeal it is unnecessary to set out these demurrers in detail. The facts of the case are sufficiently shown in the opinion.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the general

affirmative charge. The court refused to give said charge as asked, and to such refusal to give said charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns, among other rulings of the trial court, the refusal of the court to give the general charge requested by him.

P. N. HICKMAN, for appellant, cited *Youngblood v. Birmingham T. & S. Co.*, 95 Ala. 525; 2 Brick. Dig., 511, § 72; 3 Brick. Dig., 802, § 62.

JOHN H. WILKERSON, *contra*.

HARALSON, J.—Assuming as we may for the purposes of this case, without deciding it, that the demurrer to the complaint was properly overruled, we may consider whether or not the plaintiff on the undisputed evidence has made out his case, under the 1st and 7th counts of the complaint, on which the cause was really tried.

These two counts are for damages for the breach of an alleged contract for the sale of land by defendant to the plaintiff. The first count sets up, that plaintiff "made a contract with defendant for the purchase of said lands, and was put in possession by defendant, and paid the purchase money, that the last payment was made on or about November 28, 1895, while so in possession; that it was agreed in said contract of purchase, that the plaintiff should pay the sum of $327.50 as the purchase price of said lands, and that upon the payment of said sum, defendant would execute to plaintiff a deed to said lands. Plaintiff avers that he has paid said sum of money, and that defendant upon demand has failed and refused to make said deed; that upon defendant's failure to make said deed, plaintiff gave up possession of said land, to-wit, on about March 1, 1896, and by reason of such failure and refusal plaintiff has been damaged in the sum of $900."

The seventh count sets up the contract as stated in the first count, and avers that while so in possession of

said lands, he paid the purchase price agreed on, to-wit, $327.50, and that he moved off on "the 1st day of March, 1896, by reason of defendant's failure and refusal to convey as agreed, and that while in possession, relying on defendant's contract to convey he made certain valuable improvements [describing them], for all of which improvements and as special damages plaintiff claims the sum of $900."

Neither count avers, that when he abandoned the land, plaintiff delivered it to defendant, and the proof shows, with nothing to the contrary, that he gave defendant no notice of his intention to abandon possession, nor that he had done so; and there is nothing to show that defendant knew of plaintiff's intention to abandon, nor that the defendant has since assumed possession or control of the property.

The defendant testified, that plaintiff has never paid him anything on the purchase price of the lands. The only other proof on the subject of payment is that offered by plaintiff himself. He testified that he "paid defendant all he owed him in any way." But he shows how this was done; that "on March 26th, 1895, he had a settlement with the defendant at his (plaintiff's) residence in the presence of his wife," daughter and son. He says: "I was then due him a balance of $136.34, and this amount was all that I owed him for the land and everything, and he told me to pay this amount and he would make me a deed to the land." This settlement, it appears, the plaintiff approved and attempted, according to his own evidence, to carry out. He testified that of this amount, stated by defendant to be due on settlement, he soon afterwards paid $120 to M. Sollie for defendant. This left, according to his own admission, $16.34 remaining due. He also stated, that he did not know how much he owed or had paid to defendant, and only knew what defendant said he owed him, when they settled; that when he paid this $120, he told defendant he was ready to pay the balance, and desired him to make him a deed to the land, and defendant said he would do it, but he did not; that he went to the defendant several times before he moved off the land and asked him to make a deed; that defendant promised to make

it, but put plaintiff off from time to time. He also testi-
fied that he moved off the place voluntarily, and did not
tell defendant he was going to move off before he left.
Plaintiff's wife, son and daughter testified to substan-
tially the same thing as to this settlement, its date, the
amount that was stated to be due, and the payment of
the $120 to M. Sollie. It thus appears, giving all the
force we may to the evidence of these witnesses, that
there remained due on the land $16.34, which has never
been paid. It is also noticeable, that the plaintiff no-
where shows, that the contract was that defendant was
to make him a deed on the payment of the purchase
money, as is alleged in the complaint. The law would im-
ply, of course, that he should make one within a reason-
able time from the full payment of the purchase money,
but this fact does not aid the failure to prove the terms
of the contract as averred.

Nor has the plaintiff proved the demand for the deed
and the refusal of defendant to execute it as is averred
in the complaint. It was shown by plaintiff that he re-
quested the defendant, upon his proffer to pay the
$16.34 balance due on settlement, to make him a deed
and he did not refuse to do so, but promised each time
that he would. This proof does not meet the allega-
tions of the complaint, that plaintiff on the full pay-
ment of the purchase money for the land, moved off by
reason of defendant's failure and refusal to convey as
agreed.

It is not pretended that plaintiff ever tendered the
$16.34 to defendant, nor that he ever prepared a deed,
or caused one to be prepared, and presented to defend-
ant for execution, conveying to him the land he had pur-
chased.—*Wade v. Killough,* 5 Stew. & Port. 450; *John-
son v. Collins,* 17 Ala. 318; *Gentry v. Rogers,* 40 Ala.
445; *Chapman v. Lee,* 55 Ala. 617.

The conclusion is, that the general charge as requested
by defendant should have been given.

Reversed and remanded.