# Smith v. Sherman.

### Breach of Contract.

(Decided November 30, 1911.   56 South. 956.)

1. *Vendor and Purchaser; Contracts; Requisites; Certainty.*—A contract for the sale of real estate and timber, which is declared to be owned partly in fee and partly in timber leases, declaring that most of the land is situated in designated counties as land and timber indicated in an option, but which does not describe the land to which title is to be conveyed, nor the land on which the timber interest is to be conveyed, and which does not show the terms of the options, is void for uncertainty.

2. *Same; Breach; Action; Complaint.*—Where the land which the vendor contracted to convey was held only under option, in an action by the vendor against the purchaser for a breach of contract to purchase, a complaint which fails to show that the option had been complied with, or that there was anything for the purchaser to do, save to accept the deed when made, and that plaintiff had offered performance and tender of deed, was insufficient and subject to demurrer.

3. *Frauds; Statutes; Contracts for Sale of Land.*—A contract for the sale of land, owned by the vendor partly in fee and partly in timber leases is unenforceable under the statute of frauds where a part of it rests in parol.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action for breach of contract by Hugh G. Smith against J. S. Sherman. From a judgment of nonsuit,

taken after the sustaining of demurrers to the complaint, plaintiff appeals. Affirmed.

The complaint is as follows:

Count 2: "The plaintiff claims of the defendant the sum of $5,000.00 damages for the breach of a contract between plaintiff and defendant entered into on the 2d day of September, 1909, in words and figures, as follows:

" 'State of Alabama, Houston County. Know all men by these presents, that this agreement, made and entered into this the 2d day of September, 1909, by and between J. S. Sherman, Houston county, Alabama, party of the first part, and Hugh G. Smith, Houston county, Alabama, party of the second part, witnesseth: That for and in consideration of one and 00/100 ($1.00) dollars, to the first party in hand paid, acknowledged by the party of the second part, the receipt of which is hereby acknowledged, the first party hereby agrees to buy from the second party, his heirs and assigns, the following described lands and timber situated in the state of Florida, said lands being partly in fee simple and partly in timber leases, but all subject to any turpentine leases now outstanding against the said timber, to wit, 3,520 acres, mostly in Jackson county, Florida, but some of which is in Calhoun and Washington counties, Florida. Said timber and lands situated near Compass Lake, Florida, on the Atlanta & St. Andrews Bay Railroad, and being described as that land and timber indicated in a certain option, held by second party from owners and described on map hereto attached. Said sale to the first party is hereby confirmed to second party, based on the aforementioned option. The price and terms which first party agrees to buy from second party, his heirs or assigns, is for the sum of $25,000, payable as follows: $5,000.00, Nov. 1, 1909;

$3,000.00, Sept. 1, 1910; $3,000.00, Sept. 1, 1911; $3,-000.00, Sept. 1, 1912; $3,000.0, Sept. 1, 1913; and $3,-000.00, Sept. 1, 1914. All deferred payments to draw interest from date at 8% per annum payable annually.

"'Map Exhibit of Lands Described in Map.

"'[Here follows description of land by government subdivision.]'

"Plaintiff avers that the foregoing lands herein described are the lands described in said map which was attached to the foregoing contract and made a part thereof. Plaintiff avers that since the execution of his contract with defendant he has ever been willing, ready, and able to comply with his part of said agreement and to make to the defendant the conveyance provided for in said contract of the lands therein described; that defendant has wholly failed and refused to carry out his part of said agreement, or any part thereof, to the damage of plaintiff as aforesaid."

Count 3: Same as 2 down to the line, "Map Exhibit of Lands Described in Map," with this additional addenda to the contract: "Subject to compliance with all verbal agreements as to length of leases, both timber and turpentine, 40 acres of land, and all other verbal agreements. [Signed] J. S. Sherman." Then follows description of land by government subdivision. "Plaintiff avers that the foregoing lands herein described are the lands described in said map, which was attached to the foregoing contract and made a part thereof. And it avers that the verbal agreement as to the length of leases, both timber and turpentine, are as follows, to wit: As to the timber, the leases ran mostly from eight to twelve years; as to the turpentine, plaintiff was to see all the parties holding turpentine leases as referred to in plaintiff's option, and use his influence to get same delivered to Sherman earlier, if possible, than the terms

[Smith v. Sherman.]

as provided for in said leases and options. Plaintiff avers that the agreement as to the 40 acres of land is as follows: He was to get same, if possible, so that defendant should have a mill site along the right of way of the Atlanta & St. Andrews Bay Railroad. Plaintiff avers that said addenda to said contract signed by the defendant was accepted by the plaintiff, and plaintiff avers that he complied with each and every term of said addenda to said contract." The count then concludes as the second count.

Demurrers assigned are as follows: (3) "The alleged contract declared on is void, because too indefinite and uncertain, in this: Said count fails to sufficiently describe the property which is the subject-matter of the contract, in that it fails to set forth which portions of the land are in fee simple and which portion in timber leases." (4) "Because said count fails to allege that plaintiff ever offered to comply with the contract declared on by tendering to defendant a deed in compliance with said contract and within the time therein specified." (7) "Because said writing declared on does not constitute the complete contract, and is void under the statute of frauds, if resting partly in parol."

ALBERT E. PACE, and WILLIAM L. LEE, for appellant. The contract sued on is not uncertain, invalid and void. The law leans against the destruction of contracts on the grounds of uncertainty. The court should not declare a contract void, if after reading and interpreting it, it can be given meaning.—*Boykin v. Banks,* 72 Ala. 262; *Robertson v. Bullock,* 58 Ala. 621; *Howard v. E. T. V. & G. Co.,* 91 Ala. 268; *Foy v. Yorkins,* 138 Ala. 232. When no time is specified within which a contract is to be performed a reasonable time governs.—*Wolff v. Parham,* 18 Ala. 441; *Cotton v. Cotton,* 75 Ala. 345; *Com-*

missioners v. Creswell, 6 Ala. 565; Florence Co. v. Handley, 101 Ala. 15; Fail v. McCree, 36 Ala. 61; 26 Ala. 272. The contract sued upon clearly falls within the rule that the writing "must state the contract with such certainty that its essentials can be known from the memorandum itself or by reference obtained in it to some other writing, without recourse to parol proof to supply them."—Howard v. East Tenn. Va. & Ga. Ry. Co., 91 Ala. 270; Mock v. Kelly, 3 Ala. 387; Dargin v. Hewlett, 115 Ala. 510; Troy Co. v. Logan, 96 Ala. 619; Christian Co. v. Bienville Wtr. Co., 106 Ala. 124; 84 Ala. 570.

ESPY & FARMER, and J. R. POTTLE, for appellee. The contract was uncertain, indefinite and rested partly in parol, and, hence, was not enforceable.—Erwin v. Erwin, 25 Ala. 236; Adams v. Adams, 20 Ala. 272; Howard v. E. T. V. & G., 91 Ala. 268; Pulliam v. Schimpf, 109 Ala. 179; Christy, etc. v. Patton, 148 Ala. 324; Patt v. Gorst, 149 Ala. 287.

SIMPSON, J.—This is an action by appellant for breach of a contract to purchase land. The first count was withdrawn, demurrers were interposed to the second and third counts, which were sustained, and by reason of said ruling a nonsuit was taken, and this appeal is from said ruling of the court.

Mr. Warvelle states the rule to be that: "He who seeks to enforce a contract as against others must be himself without fault, and ready and willing to comply. In furtherance of this rule, it has often been held that the party who seeks the remedy of specific performance must first tender a performance by the offer of a properly executed deed by the vendor, or by a tender of the purchase money by the vendee." These principles "have

equal reference to either party to the contract, and, as a general rule, the vendor should tender a deed and demand payment before bringing a bill for specific performance."—2 Warvelle on Vendors, §§ 26, 27, pp. 773, 775.

He also states that: "It is incumbent on the vendor, in an action for damages for breach of contract, to show that he has been ready and willing, or has offered, to perform on his part, or that the vendee has done some act which dispenses with a performance; and it will be a sufficient performance or offer to perform, on his part, to enable him to maintain the action, that he has tendered to the vendee a sufficient deed."—2 Warvelle on Vendors, p. 963, § 4.

"Although it was formerly held otherwise, there is now no proposition more firmly established in the law than that, in a contract for the sale of real estate, if the covenants are mutual and dependent, neither party can sue without a performance, or the offer to perform, on the one part, as a condition precedent to the right to insist upon a performance, on the other part. Accordingly a tender of the deed, or of the purchase money, as the case may be, is essential. * * * The general rule is to consider all covenants dependent, in the absence of a contrary intention."—29 Am. & Enc. Encyc. Law (2d Ed.) 686-689.

Says the Supreme Court of the United States: "In contracts of this description, the undertakings of the respective parties are always considered dependent, unless a contrary intention clearly appears. * * * The seller ought not to be compelled to part with his property, without receiving the consideration; nor the purchaser to part with his money, without an equivalent in return. Hence, in such cases, if either a vendor or a vendee wishes to compel the other to fulfill his con-

tract, he must make his part of the agreement precedent, and cannot proceed against the other without an actual performance of the agreement, on his part, or a tender and refusal," and in that case, although the vendors averred "that they were willing and able to make a conveyance of a good title, and offered so to do  *  *  * the day before the suit was commenced, and nearly two years after the time fixed for performance," it was held that they could not recover.—*Bank of Columbia v. Hagner*, 1 Pet. 455, 464, 465, 7 L. Ed. 219.   To the same effect are *Harvey v. Trenchard*, 6 N. J. Law, 126; *Ackley v. Richman et al.*, 10 N. J. Law, 304; *Pomroy v. Gold*, 2 Metc. (Mass.) 500.

In the case of *Ledyard v. Manning*, 1 Ala. 153, page 155, which was an action for the purchase money, the complaint did allege the the "defendant in error [plaintiff below] did make and tender to the plaintiff in error [defendant below] a general warranty deed to the lots, and demanded" payment.   While the opinion does use the expression that "neither can maintain an action without showing performance, or an offer to perform, or *at least a readiness to perform*," yet the words which we have italicised have no application to the case, as a distinct offer was averred.

The case of *Garnett v. Yoe*, 17 Ala. 74, page 77, was for a breach of a title bond to convey, providing that the party was to convey "so soon as G. could obtain title to the same;" and, although the declaration did allege that the vendee had tendered to the vendor a deed to be signed by him, the court discusses the question of the obligation of the *vendee* to prepare a deed for the vendor to sign (a different proposition from that involved in this suit), and recognizes the fact that this court had previously decided that the vendee was under obligation to do so, yet states that, inasmuch as the vendor had

positively refused to convey, the tender of the deed was unnecessary, and that if the refusal of the vendor to convey was based on a good reason that could not be raised by demurrer.

The case of *McKleroy v. Tulane,* 34 Ala. 78, pages 81, 82, was a bill filed for an account of purchase money and to subject the land to its payment. The court calls attention to the fact that the contract was not a sale, but a mere agreement on one side to sell, and on the other to purchase, and says that, "if the vendee, prior to the appointed time for the payment of the purchase money and the delivery of the deed, notifies the vendor that he will not take the property, this *will dispense with the formal tender of a conveyance by the latter"* (italics supplied), but goes on to hold that, as the vendor, after receiving such notice, applies to equity to treat the agreement as an executed contract, and sell the property for purchase money, it partakes of the nature of a bill for specific performance, making it essential "to show that he was able and ready at the appointed time to do that which, by the agreement, he had contracted to do," etc.

The case of *Burkett v. Munford,* 70 Ala. 423, decides that when the vendor executes a bond conditioned to make title generally, and the purchaser gives his notes, payable on a day certain, the payment of the purchase money is not dependent on the making of title; and, in a bill by the vendor to enforce payment of the purchase money, it is necessary to aver an offer to convey, or readiness and willingness to make title, as the day of payment is to happen or may happen before the thing which is the consideration of the payment is to be performed. To the same effect is *Broughton v. Mitchell,* 64 Ala. 210.

In the case of *Jenkins v. Harrison*, 66 Ala. 345, pages 352, 353, deeds had been signed on both sides, and part of the purchase money paid, and one of the parties died before delivery of the deeds. The bill was for specific performance, filed by the purchaser, and the question was whether a definite offer to pay the remaining purchase money was made in the bill; the court holding that "such offers are formal and require no particular form of expression," and stating that the bill "contains a very clear and complete offer of performance," etc.

The case of *Brady v. Green*, 159 Ala. 482, 48 South. 807, was an action by the vendee against the vendor for damages for breach of the contract to sell. The complaint averred that, "although he [plaintiff] was ready, able, and willing, and offered, to comply with his part of the contract, the defendant failed" and refused to convey. The court held this a sufficient offer of performance; and that, as the defendant had refused to convey, the *vendee* was not required to prepare and tender the deed to be signed by the vendor.

The case of *Ashurst v. Peck et al.*, 101 Ala. 499, page 509, 14 South. 541, holds that, to the maintenance of a bill for specific performance, it is not essential that the *vendee* offer to perform or tender a deed before filing the bill.

The contract set out in count 2 is so indefinite in description, not showing as to what parts of the land described in the map the title is to be conveyed, and as to what part only the timber interest is to be conveyed, and not showing what the terms of the option are, according to which the option may have expired before the commencement of this suit, that "no breach could be assigned upon it which could be compensated by any criterior of damages to be furnished by the contract it-

[Smith v. Sherman.]

self, and it is void for uncertainty."—*Erwin & Williams v. Erwin*, 25 Ala. 236-242.

In addition to what has been said, while the authorities cited indicate some confusion as to the point whether, in all cases, the vendor must tender a deed, in order to place the vendee in default, yet in this case, where it is shown that the lands which the vendor was to convey were held only under an option, and it is not averred that said option has been complied with so as to enable the vendor to make title to the lands and timber, and the further fact that, under the contract, there is nothing for the vendee to do by way of purchasing the land, save to accept the deed when made, the count should have alleged at least a distinct offer by the vendor, and such facts as are necessary to show that he had acquired the title, so as to convey the property to the vendee; and this offer should be accompanied by a tender of a deed. The second count is therefore subject to causes of demurrer Nos. 3, 4, and 7.

In addition to the fact that the third count is subject to the same causes of demurrer as the second count, it is also subject to the cause setting up the statute of frauds, as the addendum to the contract shows that it rested partly in parol.

The judgment of the court is affirmed.

Affirmed.

ANDERSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. McCLELLAN, J., concurs in conclusion. DOWDELL, C. J., not sitting.