(91 South. 806)

**SCOTT v. VIZARD et al.** (5 Div. 803.)

(Supreme Court of Alabama. Dec. 22, 1921.)

**1. Specific performance** ☞55—**Contract for organization of corporation by two persons cannot be enforced.**

So much of a contract as provides for the organization of a corporation by two persons only, in violation of Code 1907, § 3445, requiring at least three, cannot be enforced specifically.

**2. Mines and minerals** ☞55(2)—**A party to contract held not entitled to half interest in mineral interests in land without paying half the price that was to be paid another by a corporation to be organized by them.**

Under a contract whereby one party transferred to another his option to purchase mineral interest in land and to organize a corporation to which the mineral interests purchased by the other were to be conveyed for the amount paid therefor, with the understanding that each should have a half interest in the minerals and half the corporate stock, the former was not entitled to a half interest in the minerals without paying half of what was to be paid for therefor by the corporation which was never organized.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] 206 Ala. 196.

**3. Mines and minerals ⬡⟳55(8)—Bill in suit for half interest in mineral rights held defective for failure to allege payment, tender, or willingness and ability to pay half the price.**

A bill to declare complainant the owner of a half interest in mineral rights under a contract to organize a corporation, to which they should be conveyed by the purchaser in consideration of the purchase price, with the understanding that each should have a half interest in the minerals and half the corporate stock, *held* defective in that it failed to aver that complainant paid or tendered one-half the purchase money, had a good excuse for failing to do so, or was then ready, willing, and able to pay.

**4. Contracts ⬡⟳335(1)—Bill should aver readiness, willingness, and ability to perform complainant's part of agreement.**

When complainant has not performed his part of an agreement sued on, the bill should contain an averment of his readiness, willingness, and ability to do so.

**5. Trusts ⬡⟳13—No express or implied trust in mineral rights superior to rights of purchaser paying entire consideration.**

Where a bill praying that complainant be declared the owner of a half interest in mineral rights purchased by defendant under an option transferred to him by complainant affirmatively showed that defendant paid the entire purchase price, complainant had no express or implied trust superior to such purchase money under an agreement to allow him a half interest in the minerals and half the stock of the corporation to which they were to be conveyed by the purchaser in consideration of the purchase price.

**6. Trusts ⬡⟳25(2)—No trust in mineral interests created by purchaser's letter to transferror of option.**

One purchasing mineral interests in land created no express or implied trust in one-half thereof by a letter to the transferror of an option under which they were purchased, to the effect that the latter had a half interest in the land, which was to be conveyed to a corporation to be organized by them, and transferee reimbursed for the cost thereof and an amount advanced by him, and that transferror or his mother should convey the mineral rights in her lands to the corporation or transferee; the clear implication being that transferror would own such half interest only when he paid one-half the purchase price and his mother conveyed her interests.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Suit by Gaston Scott against William Vizard and another. Decree for defendants, and complainant appeals. Affirmed.

Lawrence F. Gerald, of Clanton, for appellant.

The agreement was sufficient to create an express trust, and it was necessary to make further offer to do equity when the agreement is shown to have been complied with. Section 3412, Code 1907. The statute of limitations applies to suits in equity. Section 3091, Code 1907.

Steiner, Crum & Weil, of Montgomery, for appellee Vizard.

Gipson & Booth, of Prattville, and C. H. Roquemore, of Montgomery, for appellee Dillard.

The bill fails sufficiently to offer to do equity and to submit to the jurisdiction of the court. 193 Ala. 364, 69 South. 574; 58 Ala. 630. At most the agreement is nothing more than a contract, with sufficient remedy at law by action for its breach. 155 Ala. 458, 46 South. 473.

MILLER, J. This is a bill filed by Gaston Scott against William Vizard and J. W. Dillard, as indicated by the prayer, "to ascertain and determine the interest owned by complainant in and to the mineral rights or interests in and to the land described in Exhibits A and B to the bill, and that a trust be declared in favor of complainant to the extent of a one-half interest therein," and it prays for general relief.

Complainant and William Vizard entered into an agreement in 1910. The complainant held an option on certain mineral interests in land in Chilton county from the Magnetic Ore Company. Under an agreement with defendant Vizard, it was transferred to him; and complainant assisted Vizard in investigating the title to the land. Vizard purchased the mineral interests in the 31,309 acres of land mentioned in the option. It cost him $8,837.13 purchase price, and $1,000 additional as expenses. Vizard paid this entire sum, $9,837.13. The title to the mineral interests was conveyed to Vizard. Complainant's mother owned certain land in Chilton county, described in Exhibit B to the bill. Complainant agreed to have her convey the mineral interests therein to Vizard or to a corporation to be organized by them. Complainant's mother conveyed, as agreed, the mineral interests in her land to Vizard. Complainant and Vizard were to organize a corporation, Vizard to convey all the mineral interests in all the lands described in Exhibits A and B to the corporation, for which he was to receive from the corporation the sum of $9,837.13 the amount paid by him for it. Vizard and complainant were to own the entire stock of the corporation in equal parts —one-half to each. The bill avers complainant was to have one-half interest in the mineral rights under the agreement. Vizard wrote complainant a letter which is made a part of the bill by exhibit. It reads:

---

⬡⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Exhibit C.

"Mobile, Ala., October 21, 1920.

"Mr. Gaston Scott, Esq., Clanton, Ala.—Dear Sir: I am writing to make clear the ownership of the mineral rights on 31,309 acres of land located in Chilton county, Alabama, conveyed me by the Magnetic Ore Co., an Alabama corporation, domiciled at Birmingham, Ala.; the consideration for same being $7,835.-13. The understanding is that you or your assigns have an undivided one-half interest in this land, and that the land is to be conveyed to a corporation, to be organized hereafter, and the stock to be divided in the proportion one-half to the undersigned and one-half to you or your assigns. You to convey to said corporation or the undersigned, or to have your mother do so, certain mineral rights on lands located in Chilton county, Alabama, on the same terms as aforesaid. It is understood that the undersigned shall be reimbursed for the cost of said land and for $1,000.00 heretofore advanced, and said amounts shall be an obligation of said corporation.

"Yours very truly, [Signed] Wm. Vizard."

The corporation was never organized. The bill avers that in 1918 William Vizard conveyed all or some of the mineral rights or interests in the land described in Exhibits A and B to Jasper W. Dillard; and at the time of the conveyance Dillard had full notice and knowledge of the interests of complainant in the lands.

Each defendant demurred to the bill. These demurrers were sustained by the court. This decree sustaining the demurrers is assigned as error by appellant, the complainant.

The complainant avers that he has always been, and is now, ready, willing, and able to do any act necessary to perfect the organization of the corporation as agreed.

[1] A specific performance of that part of the agreement by order of the court is not practicable. The contract is made by two. These two agree to organize a corporation. Each is to own one-half of the stock. No corporation can be organized under the statute with less than three persons. Section 3445, Code 1907. That part of the contract is contrary to the statute; and it cannot be enforced specifically by the courts.

[2] The complainant cannot own under the contract one-half interest in the mineral in the land, as was contemplated by, and was impliedly the intent of, the parties in making the contract, without paying one-half of the purchase money that the proposed corporation was to pay for it, viz. $7,835.13 and $1,-000, including the interest thereon.

[3] The bill is defective in its effort to have the court declare under the agreement that complainant owns an undivided one-half interest in the mineral in the land. The corporation was to pay under the agreement, to defendant Vizard $7,835.13 and $1,000, the purchase price, for the mineral rights in the land, and then complainant was to have one half of the stock of the corporation, and defendant Vizard the other half. The court would not direct a conveyance of an undivided one-half interest in the mineral in this land to be made by Vizard or his vendee, Dillard, to complainant until complainant paid, with interest, one-half of said purchase money, $7,835.13 and $1,000, mentioned in the agreement.

[4] The complainant does not aver in the bill that he has paid one-half of said purchase money to either defendant. The bill does not aver that it has been tendered. It does not aver that it has been offered, and the offer was refused. It avers no facts showing a good excuse for failing to pay or tender or offer to pay it. It does not aver that he is now ready, willing, and able to pay it. One of these averments should appear in the bill to invoke the jurisdiction of the court. When a complainant has not performed his part of the agreement, the bill should always contain an averment showing his readiness, willingness, and ability to do it. Long v. Addix, 184 Ala. 236, 63 South. 982; Blackburn v. McLaughlin, 202 Ala. 434, 80 South. 818; Jones v. Sommerville, 1 Port. 437; Coburn v. Coke, 193 Ala. 364, 69 South. 574; Smith v. Murphy, 58 Ala. 630.

[5] The bill affirmatively shows that the defendant Vizard paid the entire purchase price for the mineral interest in the 31,309 acres of land described in Exhibit A, which amounted to $9,835.13. None of it was paid by the complainant. This is clear from every allegation of the bill. Therefore complainant could have no express or implied trust in it under the agreement superior to this purchase money. Milner v. Stanford, 102 Ala. 277, 14 South. 644. Complainant and defendant Vizard, under the clear intent and purpose of the agreement as averred in the bill, were each to own an undivided half interest in the minerals in the lands described in Exhibit A, owned by Vizard, and the land described in Exhibit B, owned by complainant's mother, when half of the $9,835.13 was paid Vizard by complainant, and when complainant had his mother to convey the mineral in the land described in Exhibit B to Vizard; but he has never paid any part of said $9,835.13 to him, and he avers no readiness, willingness, and ability to do so now. Hence his bill is defective.

[6] Vizard by the letter to complainant created in him no express or implied trust in the mineral interests in the land. Vizard simply declared thereby that, when the corporation was organized, it would owe him $9,-837.13 for the mineral interests in the land, and he and complainant would each own one-half of the stock. Vizard by clear implication in the letter declared that complainant under the agreement with him would own a half interest in the mineral interests in the land when complainant's mother conveyed the mineral interests in her land in Chilton

county to him and when complainant paid him one-half of the $9,837.13.

The complainant has complied in part with the contract and paid part of the purchase price for one-half interest of the mineral rights in the land by transfer of the option to Vizard, by personal services rendered, and by his mother conveying the entire mineral interest to Vizard in certain lands described in Exhibit B of the bill; and the letter of Vizard to complainant shows the balance of the purchase money due him, one-half of which with interest should be paid by complainant to entitle him to an undivided one-half interest in the mineral in the land described in Exhibits A and B to the bill.

The court did not err in sustaining demurrers to the bill of complaint as amended.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.