(108 So. 740)

### EASTIS et al. v. MOUNTAIN TERRACE LAND CO. (6 Div. 588.)

(Supreme Court of Alabama. May 27, 1926.)

1. **Specific performance ☞105(1) — Vendee need not wait until determination of contest of will of deceased vendor before bringing bill for specific performance (Code 1907, § 2818, now Code 1923, § 6057).**

Vendee need not wait until contest of proposed will of deceased vendor is determined, and administrator appointed, before filing bill for specific performance, where special administrator is made a party under Code 1907, § 2818, now Code 1923, § 6057, together with all legatees, devisees, and heirs of decedent, as rights of interested parties and creditors can be protected by directing proceeds to be held pending contest of will.

2. **Specific performance ☞91—Vendee, prevented from performing contract by illness and death of vendor, need not demand performance of vendor's heirs and devisees and be refused before filing bill for specific performance.**

Where vendee was ready, able, and willing to perform his part of contract to purchase land, but was prevented from doing so by illness and death of vendor, whose will was contested, demand of performance by heirs and devisees of vendor and refusal by them were unnecessary before filing bill for specific performance; such demand and refusal being impracticable under the circumstances.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by the Mountain Terrace Land Company against D. T. Eastis and others. From a decree on demurrer to the bill, respondents appeal. Affirmed.

Ritter, Wynn & Carmichael, of Birmingham, for appellants.

The bill will not lie, unless the vendor be put in default. Bell v. Thompson, 34 Ala. 633. The bill is prematurely filed.

Smyer & Smyer, of Birmingham, for appellee.

The bill was not prematurely filed, and such filing was a sufficient demand on the heirs and devisees of Isham Eastis. Blackburn v. McLaughlin, 202 Ala. 434, 80 So. 818; Code 1907, § 2818.

MILLER, J. This is a bill in equity by the Mountain Terrace Land Company, a corporation, against Robert Massey, as the administrator ad colligendum of the estate of Isham Eastis, deceased, the legatees and devisees of said decedent and the heirs of said decedent. The complainant seeks specific performance of an executory written contract of sale of certain land, particularly described in the bill and contract, which contract was executed by the decedent as vendor and by the complainant as vendee. The bill was amended by the complainant. As amended, demurrers of the respondents were overruled to it by the court, and from this decree the respondents appeal, assign, and argue as error this decree of the court.

A copy of the contract of sale is attached to and made a part of the bill as amended. It was dated June 8, 1923, and signed by complainant and decedent. By it complainant was to pay $19,633 for the land, $500 cash as earnest money, and part of purchase price, and $3,500 cash, with balance to be paid in five equal annual installments, on or before one, two, three, four, and five years, with interest at 6 per cent. per annum to be paid semiannually, deferred payments to be secured by first mortgage on the property sold. The vendor was to furnish abstract of title to date; "the title to be good and merchantable or contract void and earnest money to be refunded, * * * trade to be closed on or before July 10, 1923."

[1] The appellants insist by demurrer that the bill was prematurely filed. The bill was filed October 26, 1923. The decedent, vendor, died July 11, 1923. The sufficiency of the contract is not questioned. The decedent left an alleged will. It was being contested by some of his heirs. Pending this contest, Robert Massey was appointed administrator ad colligendum of the estate. It was not necessary for the complainant to wait until the contest of the proposed will of Isham Eastis was determined and an administrator or an executor was appointed before filing this bill for specific performance of this contract. The bill makes this special administrator, all of the legatees, devisees, and heirs of decedent parties to the cause. By proper decree, the rights of all parties and creditors of the estate can be protected by directing that the proceeds be held by the register or paid to the special administrator pending the contest of the will. All interested parties, whether the will is held valid or invalid, are before the court, and can be protected by the decree. The estate of the decedent should be represented in this cause, as the proceeds from the sale of this property under the contract may be needed in the administration of the estate; and this cause can proceed in the name of this special administrator until an administrator or executor is appointed, after

the will contest is determined. Section 2818, Code 1907, now section 6057, Code 1923.

[2] The appellants insist the bill is demurrable because it was filed without averring therein that complainant demanded of the heirs and devisees of Isham Eastis that they perform said contract of sale and that performance thereof was refused by them and then the bill was afterwards filed for specific performance.

The contract provided the transaction should be closed on or before July 10, 1923. It appears from the bill that prior to July 10, 1923, complainant was ready and willing to consummate the purchase and offered to do so, but prior to July 10, 1923, Isham Eastis was stricken with an illness from which he died on or about July 11, 1923, and on the date set for closing the transaction Isham Eastis was unable to attend to the same, and died before executing a conveyance of the property. The bill also alleges:

"That your complainant desires to carry out the contract for the purchase of said property and hereby offers and stands ready and willing to pay unto this court or to the personal representative of the said Isham Eastis, deceased, as this court may direct, the remaining sum of $3,500 agreed to be paid in cash and to execute notes and a mortgage on said property in accordance with said contract, to such person and payable in such manner as this court may direct, and your complainant hereby offers to keep said tender good and to comply with and abide by the decree of this court."

It appears from the bill that complainant was ready, willing, able, and offered to perform its part of the contract before July 10, 1923, but was prevented from doing so by the illness of the vendor, Isham Eastis. The complainant could not sign the notes for and the mortgage to secure the deferred payments and deliver them until a deed was executed to him by the vendor in his lifetime or by proper representative of the decedent after his death. The decedent left an alleged will. It was being contested. Pending that contest, a tender of the balance of the cash, the notes, and the mortgage under the contract was impracticable. There was no certain person to whom the payment could be made and to whom the notes could be made payable. There is no certain person who could convey the land to complainant. There is no definite person who can perform the contract for the decedent. Hence the general rule as to demand and refusal stated in Bell v. Thompson, 34 Ala. 633, headnote 3, can have no practical application here. This court, in Carlisle v. Carlisle, 77 Ala. 343, wrote:

"It is not essential, in all cases, that the complainant shall make an actual tender of performance, before bringing suit. Circumstances may render such tender impracticable, or unnecessary. When the stipulations are mutual and dependent—simultaneous performance by both contracting parties being intended—a tender should ordinarily precede the commencement of the suit. And whether a precedent tender is requisite, or may be dispensed with, the complainant should aver in his bill readiness and willingness, and an offer to perform, submitting himself to the orders and directions of the court, and entitling the defendant to a decree whereby the rights of all the parties to the contract may be ascertained and protected. Jenkins v. Harrison, 66 Ala. 345; Gentry v. Rogers, 40 Ala. 442; Bell v. Thompson, 34 Ala. 633."

Then this court, in Blackburn v. McLaughlin, 202 Ala. 434, 80 So. 818, wrote:

"The right to specific performance in a court of equity grows out of the contract, not out of a breach of it by defendant, and when complainant avers his readiness, willingness, and ability to perform, he avers all that is necessary to invoke the jurisdiction of the court."

The circumstances of this case, as alleged, render a tender before filing the bill and an averment thereof in the bill by complainant impracticable, and under the circumstances it was impracticable and unnecessary to make a demand of all the heirs and devisees to perform the contract, and have them to refuse before filing the bill, and to make averment thereof in the bill. The facts alleged are sufficient to give the court, under the circumstances, jurisdiction of the cause. The rights of all the parties by the contract may be ascertained, protected, and enforced by proper decrees of the court under the averments of the bill of complaint as amended. Authorities supra.

It results that the court did not err in overruling the demurrer of the respondents to the bill as amended.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.