(108 So. 763)

## EASTIS et al. v. BEASLEY et al.
### (6 Div. 590.)

(Supreme Court of Alabama. May 27, 1926.)

**1. Specific performance ⬤ᗐ32(1).**

Where complainants elected to treat unilateral contract for sale of lands as binding within period thereon provided, they were entitled to specific performance.

**2. Specific performance ⬤ᗐ32(1)—Filing bill for specific performance of contract within time specified, and offering to perform conditions precedent, suffices as sufficient acceptance.**

Filing of bill for specific performance of contract within period of time specified, and offering to perform all matters condition precedent to full consummation suffices as sufficient acceptance.

**3. Specific performance ⬤ᗐ57.**

Option contract is enforceable after death of grantor, though not accepted during his lifetime.

**4. Pleading ⬤ᗐ34(4).**

Though pleadings are construed most strongly against pleader, language used should be given natural and not unnatural or strained construction.

**5. Reformation of instruments ⬤ᗐ36(3).**

Averments of bill seeking reformation of deed *held* to sufficiently show that there was mutuality of mistake in description.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by W. L. Beasley and others against D. T. Eastis and others. From a decree overruling a demurrer to the bill, respondents appeal. Affirmed.

The contract in suit is as follows:

"This contract, made and entered into this the 8th day of June, 1923, witnesseth, that the undersigned, Isham Eastis, an unmarried man, *for and in consideration of five hundred* ($500.00) dollars paid on April 28, 1923, to the said Isham Eastis, paid by W. L. Beasley, and C. T. Fairbairn, have granted, bargained, and sold to the said W. L. Beasley and C. T. Fairbairn the *option or rights until the 1st* day of August, 1923, to purchase from me the following described tract or parcel of land lying in the county of Jefferson, state of Alabama, to wit: The N. W. ¼ of the N. W. ¼ and all that part of the S. ½ of the N. W. ¼ north of the center line of the macadamized public road, being approximately 64 acres, in all in fee simple, and situated in section 3 township 18 south, of range 2 west, in said county and state. (The seller to furnish abstracts of title extended down to date when advised that this option will be exercised.)

"The mortgage given back securing balance of purchase money is to carry a release clause, providing for releasing lands from said mortgage by paying not less than $300.00 per acre for all lands released from said mortgage, up-

on the following terms, to wit: The purchase price to be $20,400.00, of which sum $4,000.00 is to be paid in cash, and the remainder to be paid in equal annual installments on or before one, two, three, four, and five years, with interest at the rate of 8 per cent. per annum, interest to be paid semiannually. The money paid for this option is to be applied on the purchase price of said land, and is to be deducted from the first cash payment at the time of closing trade.

"W. L. Beasley is to be allowed a commission of 5 per cent. as agent, or purchaser, and same to be deducted from the cash payment. And I hereby agree and bind myself that if the said W. L. Beasley and C. T. Fairbairn shall conclude to purchase said tract or parcel of land from me at any time before the 1st day of August, 1923, and shall comply with said terms, I will make and execute a warranty deed conveying to said W. L. Beasley and C. T. Fairbairn, their assigns, a full, good, and sufficient merchantable title to said tract or parcel of land.

"Witness my hand and seal this the 8th day of June, 1923.                Isham Eastis."

Signed in duplicate.

Ritter, Wynn & Carmichael, of Birmingham, for appellants.

The contract sued on is a mere option, and conferred no interest, either legal or equitable upon the holder. Hopwood v. McCausland, 120 Iowa, 218, 94 N. W. 469; McMillan v. Phila. Co., 159 Pa. 142, 28 A. 220; Clark v. Am. Dev. & Min. Co., 28 Mont. 468, 72 P. 978; Sizer v. Clark, 116 Wis. 534, 93 N. W. 539; Milwaukee, etc., Co. v. Rhea, 123 F. 9, 60 C. C. A. 103. It does not constitute an executory contract of sale. 27 R. C. L. 335.

Smyer & Smyer, of Birmingham, for appellees.

The option is binding and may be specifically enforced. The filing of the bill was sufficient exercise thereof. Ross v. Parks, 93 Ala. 153, 8 So. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47; Blackburn v. McLaughlin, 202 Ala. 434, 80 So. 818; Watts v. Kellar, 56 F. 1, 5 C. C. A. 394; 36 Cyc. 625. The bill is not prematurely filed. Code 1907, § 2818.

GARDNER, J. [1] Appellees filed this bill against appellants, seeking specific performance of a certain "option contract" for the sale of lands in Jefferson county, Ala., and, from a decree overruling the demurrer to the bill, respondents have prosecuted this appeal. The contract which forms the basis of this suit appears in the report of the case. It was executed June 8, 1923, by one Isham Eastis, and granted to these complainants in consideration of the payment of $500 "the option or right until the 1st day of August, 1923," to purchase the real estate therein specifically described, upon definite terms stipulated. The contract here in question, signed by Isham Eastis only, is unilateral in form, but the election of the other parties thereto (these complainants) within the period therein provided, to treat it as binding, and to enforce it, meets all the requirements of the rule as to mutuality, entitling them to the equitable remedy of specific performance. Ross v. Parks, 93 Ala. 153, 8 So. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47; Blackburn v. McLaughlin, 202 Ala. 434, 80 So. 818; Bethea v. McCullough, 195 Ala. 480, 70 So. 680; 36 Cyc.

As previously noted, the time limit of complainants' option was August 1, 1923. It appears from the bill that, before the expiration of that time, said Eastis died, leaving a will which had not yet been admitted to probate. This bill was filed, also, before the expiration of the period allowed by the contract for the exercise of the option, and all the heirs at law, as well as devisees under the will and those named as executors thereunder, were made parties respondent, and, it appearing that a special administrator had been appointed of the estate since the filing of the bill, such administrator was made a party by amendment to the bill. Thus are all parties owning or asserting any claim or title to the property made parties to the bill.

[2] It is urged that complainants did not sufficiently manifest acceptance of the contract either to Eastis during his life or to his successors in interest after his death, so as to constitute the contract mutually binding. Aside from the reasons therefor stated in the bill as an excuse for lack of notice of acceptance, the rulings of this court have established the rule that the filing of the bill within the period of time specified, and offering to do and perform all matters condition precedent to the full consummation of the contract, suffices as a sufficient acceptance and meets all the requirements of the rule. "But it will be observed that, when such contracts come to be enforced in equity, they cease to be unilateral, for, upon filing the bill, the party who was before unbound puts himself under all the obligations of the contract. By his own act he makes the contract mutual, and the other party is enabled to enforce it." Richards v. Green, 23 N. J. Eq. 536, quoted approvingly in Blackburn v. McLaughlin, 202 Ala. 434, 80 So. 818.

It follows, of course, that, Eastis having died before the expiration of the period fixed by the contract for the exercise of the option, notice of acceptance to him was not necessary.

[3] It is further argued that the contract being a mere option, and binding only upon Eastis, was unenforceable after his death; the same not having been accepted during his lifetime. We are of the opinion the following from Ross v. Parks, 93 Ala. 153, 8 So. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47, suffices as an answer to this insistence:

"It may be stated as a sound principle of law, if an owner of land in writing gives another an option on it for a valuable consideration, whether adequate or not, agreeing to sell it to

him at a fixed price, if accepted within a specified time, it is binding upon the owner, and upon those who purchase from the owner with a knowledge of such agreement. Moses v. McClain, 82 Ala. 370 [2 So. 741]; [Johnston v. Trippe (C. C.)] 33 F. [530]; Maull v. Vaughn, 45 Ala. 134, and authorities. Under such circumstances, the fixed time is a material part of the contract, and, when supported by a valuable consideration, the owner of the land cannot revoke the offer before the time has expired within which the offer may be accepted."

It logically results that the following rule announced by the Wisconsin Supreme Court in Mueller v. Nortmann, 116 Wis. 468, 93 N. W. 538, 96 Am. St. Rep. 997, is here applicable:

"If the contract was one the intestate could not have revoked in his lifetime, then his heirs or legal representatives have no greater right. * * * His death did not revoke the right of the buyer to make his election within the time limited."

See, also, 25 R. C. L. p. 238; Matter of Hunter, 1 Edw. Ch. (N. Y.) 1.

The complainants have tendered into court the remainder of the cash payment to be made, and submit themselves to the jurisdiction of the court, offering to perform all matters required of them by the terms of the contract. The sufficiency of the bill in these respects is not questioned.

As to a portion of the land here involved, the bill seeks a reformation of a deed in the chain of title to one of the respondents. The ground for reformation is mutuality of mistake by the parties to the deed, in that, "through error and inadvertence," the property was described as in "range 3 west instead of range 2 west:" The bill discloses that this deed was executed by the grantors, as heirs of one Daniel Eastis, to the grantee, also an heir, and in pursuance of the agreement of the parties, as heirs of said estate, for a division of the real property belonging thereto.

[4, 5] We recognize the rule that pleadings are to be construed most strongly against the pleader, yet this court has repeatedly held that the language used should be given a reasonable and not an unnatural and strained construction. Warren v. Crow, 195 Ala. 568, 71 So. 92. So construing the averments of the bill in this respect, we think that a mutuality of mistake in the description of the deed is sufficiently shown. The demurrer to that phase of the bill was properly overruled, as well as the demurrer to the bill as a whole.

It results that the decree of the chancellor is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.